Call the next case please. Good morning. This is Harris Bank v. Chhabria. The question in this case fundamentally is whether Hansa and Kamal Chhabria get to keep their restaurant, the land where their restaurant that they've built for 20 years is located. And as you probably know from the briefs, it's really quite a two-issue appeal. The first issue is whether the Chhabrias lose their restaurant even though they paid the taxes that was the only specified reason for which Harris Bank declared a default. They paid the taxes within 72 hours of receiving this notice. Now the evidence in the record that they didn't receive the notice taxes were, albeit, several months late. They hadn't received the notice of the taxes because Harris Bank had sent them to the wrong address. So when they did receive notice from Harris Bank that the taxes were due, the taxes were paid within 72 hours, which was weeks before the lawsuit was even filed. How late were the taxes? About seven months. Now that's more than the 90 days, but there had been no notice of default and no declaration of default or notice of acceleration. Is that mandated by the statute? Yes. Section 16.02. I'm sorry. Yes, 16.02. 15-16.02. It gives 90 days to cure a default. So the default was cured and that's unquestioned, and the Plaintiffs' Council on Appeal have seemingly acknowledged that. Several times in their briefs they just argue essentially, quote, so even if the trial court should have dismissed this action, Harris Bank would have been able to refile the complaint based on other reasons of supposed default, some of which occurred after the lawsuit was So it's your position, your clients complied with 15-16.02? Yes. Okay. Yes. What's your support for that argument? That they paid the taxes within 72 hours of receiving the notice of default. They have to cure all existing defaults. The only defaults. And they must pay, quote, all costs and expenses required by the mortgage to be paid in the My reading of the briefs and the record here indicates to me that there was no payment on attorney's fees and other related costs. I don't know that the notice of default mentioned that, and certainly that wasn't something argued by Harris Bank, and there was no request for that. And the taxes were paid before the lawsuit was filed within 72 hours, so there could the default. The only attorney's fees that could have been accrued would have been the attorney's fees for writing the notice of default, which did not come from the attorneys, but came from the bank itself. Would you agree with, since you're relying on 15-1602, would you agree with me that strict compliance by your clients was required? I think that the statute, no, a court of equity is, of course, a forfeiture, and where there's non-substantial, harmless deviation that could easily have been corrected had there been any request. Oh, by the way, you also owe us a few hundred dollars in attorney's fees. Even though we didn't write the notice of default, it was written by a representative of the bank, but we had already started to prepare a lawsuit, even though we didn't file one for several weeks after you cured the default. I suppose that there was maybe arguably a technical failure to pay those types of attorney's fees, but there was no request for them in the record, no claim for them, and no finding of reasonableness of the attorney's fees, which is what 1602 says, reasonable attorney's fees. This comes to us on a summary judgment, right? I believe it was a summary judgment, Henry? Yes. And your clients' affidavits or allegations in the motion of summary judgment, they denied owing any attorney's fees, your people. Right. Without showing proof, in fact, that they had paid such fees or expenses. No, I think the denial is that they owed any attorney's fees and the proofs are negative is something that there was no basis for Harris Bank. The only Harris Bank attorney's fees that were submitted that are of record are those that were charged for activities after the curing of the default, of the claimed default, non-payment of taxes. So those attorney's fees would not have been, should not have been found reasonable, were unnecessarily incurred, the default had been cured. And, you know, if there were some other costs that were claimed, you know, I don't know of any in the record, but there may have been some costs, but I would say that that would be a non-substantial. Okay. In fact, though, the failure to pay the taxes did constitute a default, didn't it? Yes. There's no question? No question. Okay. Counsel, can I get more basic? Is this an appeal from a summary judgment order or order confirming the sale? Both. There was a, in the notice of appeal, we appealed both the summary judgment and from the order confirming the sale. Now, the issue of the order confirming the sale is obviously the notice issue. The sale was originally to have occurred on December 17th. Notice is published in the newspaper that this is when the sale is going to occur. The public reads the newspaper and it's presumably, anyone who's interested is going to be there at, I don't know the exact time, but let's just call it 10 a.m. on December 17th if a designated location. The sale was canceled well before that, at least a week or so, okay? And there was no adjournment. There was no starting of a sale and there was no evidence that the sheriff stood up on December 17th or whatever person had been designated to conduct the sale, stood up before the assembled public and announced this sale is adjourned, it will be resumed on specific date, time, and place. That is what is required under Section 1507 of the statute in order for there to be an excuse for republishing notice, okay? And there's a very simple reason for that. If you think about foreclosure sales from the very beginning, a sale is published in the newspaper. People read it, they assemble in the courthouse steps waiting for this property to be put up for auction. If there's going to be an adjournment for some reason, some question that needs to be resolved, the sheriff announces to the assembled throngs, the sale is not going to occur today, but the sale of this property at the address indicated is going to be and designates a specific date, time, and place. So anyone who wants is interested in bidding on this property knows it can appear there. That did not happen in this case. When the sale was canceled, it was canceled several days before the scheduled date, and there was no announcement in the cancellation of the date, time, and place. Now, Judge Gillespie addressed this issue, because I said to her during oral argument, Your Honor, with all due respect, if you are going to find that they are excused from republishing notice, you are going to have to make a finding for the appellate court of some basis upon which the public could possibly have known of the new date, time, and place for the sale, because it wasn't even known at the time of the cancellation, and it wasn't even known at the time of the, the public might have assembled at the first date, time, and place. And was that addressed by the trial? Yes. She made on the record, she said yes, she did. She answered my question. She said on the bottom of the publication of the newspaper, there is a phone number, and anyone with questions can call that phone number, which is, if you first think about it, perhaps a reasonable response to my question. But if you think about it further, and I did mention this to her in rebuttal, I said, but the problem with that is, Your Honor, that you don't, you're making a presumption that somebody would have answered the phone if you called that number, that somebody would have given the information, or would have had the information to give to any member of the public. And if we're going to have strict compliance, if you want to, you know, impose strict compliance, and strict compliance is that you have to make sure that the sheriff or whoever is conducting the sale announces at the date, time, and place the sale was originally noticed to be of the new date, time, and place. And presuming that if you call a number, you're going to get that information, presuming that everyone on the, of the public would have even gone to the bottom of the page where there was a number of notices published, and read, and copied that phone number, and presuming that phone number was still good and still in place, and that some member of the bureaucracy, and I hesitate to criticize government agencies, but I think we all know that. There's one of them. Yeah, right. That's the reason. With this one accepted, there are some government agencies out there which do not always, are not always as responsive as the present. Mr. Bridges? Yes. Mr. Bridges, as to this notice, under 1508, the sale is not invalid because of defects, etc., except upon good cause shown in a hearing. And it appears you had that hearing, you voiced your objections and the reasons, and the court felt otherwise. So therefore, we would only correct, it's an abuse of discretion matter. Oh, good cause shown, yes. And the good cause, if I could address that, I assume, I don't want to go quite that far, but just for purposes of argument, to assume that. The good cause was, the Shabrias had a friend that was going to bid and buy the property, so they could continue to operate their restaurant. And they wanted to know the date. And they told the Harris Bank Council, we want to know the date. And the Harris Bank Council did send them a letter telling them the date. They told them it's going to be February 13th. The sale occurred on February 14th. So, the good cause is... Did they attend on February 13th? That I don't know. That is not a matter of record. I do know that the record is a note, is a letter from the bank to the Shabrias, then council. I wasn't the council then. The sale is going to be on February 13th. It didn't occur until February 14th. But the good cause is, and this is of record, the Shabrias had somebody who was going to bid on the property and would have presumably, because it was a fellow, it's not relevant for these purposes, but they have a very rich uncle, and was going to bid on the property and they were going to continue to operate their restaurant there. Is that part of the evidence in the case, though? I cannot cite to the specific page of the record, but I, because I was not the counsel in the trial court, I came in very late just for the purposes of perfecting for appeal. But it seems to me that there was an affidavit or something in the record that they had somebody. But again, in order for this court to affirm the trial court, you're going to have to make two very, very big leaps. You're going to have to say that the Shabrias waived the right to cure a defect, because the only defect that was mentioned specifically was the failure to pay taxes. He gets that, and he hustles down with a certified check that is of record and pays the taxes. So are you going to have these people forfeit their restaurant that they built for 20 years, because they maybe didn't pay the cost for the person who sent the stamp that was sent in the notice, or whatever, or attorney's fees that were incurred after they had cured the defect? And secondly, is the Salah says that this is how you, the Salah says, shall be, shall announce, shall announce, this isn't a defect in service. This is a failure to comply with the fundamental requirements of notice set forth in the statute. This isn't some slight defect. This isn't a typo or a misprint or an inconsistent time or 1030 instead of 1045. This isn't a defect. This is a fundamental failure to comply with the specific requirements that there be announced at the time of adjournment, the date, time, and place of the new sale. And even if that's just, even if you can defer to, oh, that's just a small defect, not a fundamental failure to comply with the strict statute, then still there is just cause because there would have been somebody who would have been on this property and saved these people's restaurant. Okay. Assuming there was a defect, even in that case, there are cases out there that say the fact that the defect exists, that alone is not reason to invalidate the sale. These cases look for other factors, such as what was the ultimate sales price. And I understand in this particular case, the ultimate sales price came as well within appraisals and other values. Seven percent. Yes. Would it come within six percent? No, it wasn't a bottom of the barrel price that it went. Well, are we going to start examining at the appellate court? With all due respect, I think that the things to examine at appellate court level was, was there a proper foreclosure? Do these people lose their property? Does equity, is equity going to be going to sanction a forfeiture here? And are we going to require that a bank that's foreclosing adhere strictly to the requirements? Or are we going to require only that the property owner adhere strictly to all things and not require the bank? No. In a court of equity, you make the, the benefit of the doubt with the property owner so that he does not forfeit. If you're taking equitable considerations, if you're going to consider that, they had a history of always being late in the taxes. Yeah, they had a history of being late. They had prior 2006 taxes that they were. All right. And they had a history of redeeming those taxes. And we don't know the circumstances. So if we're going to do equity here, we're talking about your clients who are continually behind. Okay. Now. All right. If I could address that. Go ahead. All right. We have a history then of the bank not declaring a default for those being behind. We also have a provision in the note that is of record that they will pay a penalty. So for all we know, if we're going to start making guesses and presumptions, the bank was perfectly happy for them to be a month or two behind and collect the penalty because they never declared a default for those prior occasions. And so if they didn't declare a default, there had to be a reason. And the reason is, and we're not going to examine the reason because it's not of record, but it could very well have been that the bank was perfectly happy to get the payment through 30 days late with an additional penalty, which actually would up the interest rate by, you know, depending on the amount of the penalty, might have upped it to, if this were a consumer, a usurous fee. Now, that's not Harris Bank's modus operandi, and I wouldn't accuse it of that. But there was a reason that Harris Bank didn't declare a default, and they were perfectly happy to accept the payments when they did. And so that is, that is a real desperate event, if anything else, and that is what the plaintiff's counsel has passed upon, and that is an argument to make, but if you really look at that, that's saying that, yeah. We didn't have a right to foreclose for this, but we could have foreclosed for that. But you didn't foreclose for that, you didn't declare a default for that, you didn't declare a notice of acceleration, and you accepted late payments. So maybe they decided enough's enough. We've been rolling with you for this many months, weeks, years, whatever, but this is the end of the line, and we're moving on. Maybe they did decide that, but there's nothing in the record to say. Is there anything that prevents them from doing that? They can decide that there's enough, but we're here not for a late payment. We're here because of a principle of interest. We're here because the taxes weren't paid. The taxes were paid within 72 hours. That is... I think we're here because under 15602, is it? Yes. There was not full compliance and payment of all balances due, attorney's fees, and costs. I don't believe there's anything in the record of that. When they paid the taxes, they were current on everything, and there's no indication that they weren't. But the important thing is, the important thing is, is that under this Illinois mortgage foreclosure law, when it applies to commercial context, you have a situation where you declare a specific default. That default gets cured, and I believe that the costs and everything are associated with that. The specific default was a notice by a letter with a stamp, done by somebody in-house, and they paid the taxes within 72 hours. There was no other arrearage at that time, and there was no other declaration of default for an arrearage. You have to be given a notice and opportunity to cure. This is in all... This is a standard provision in notes, and it's just because it's a standard, it's just fundamental fairness and fundamental equity, in the construction and in all fields. If there's a deviation, you don't just cancel the contract because he used the wrong color paint. No. You use the wrong color paint, fix it. And you get an opportunity to cure that. Now, all the costs and everything associated with your sending him the notice that you used the wrong color paint, or the notice that you hadn't paid the taxes, yeah, that's... There's no indication that that was the reason that Harris Bank pursued. There's no indication that my client ever refused to pay any request for any attorney's fees. There's no indication as to what reasonable attorney's fees could possibly have been incurred when the attorneys haven't even been hired as of the time... The attorneys were not even presumably hired in this case. There's no indication they were hired in this case until after the defect had been cured. So how could there be any reasonable attorney's fees? The letter came from an in-house person, as I recall. Correct me if I'm wrong on that, but in any event, that's my strong recollection, is that the letter came from an in-house person. But even if it came from an attorney, how much does it take to write a simple letter? You're behind in the taxes. Pay the taxes. The guy hustles down with a certified check and pays the taxes. Counsel, can I ask you generally, what's the law relative to the construction of the Mortgage Foreclosure Act against that person that may be in defect? It should be... Well, you know, my feeling is the entire Mortgage Foreclosure Law is a violation of the Due Process Clause and Equal Protection Clause because it is the one sole statute that gives every benefit of the doubt to a bank. All presumptions in favor of a bank. They can make a conclusory allegation without any support... You haven't briefed anything like that. Counsel, what the law says about that, the construction of that act, is it strictly construed? It should be strictly construed for compliance by the foreclosing party. So it doesn't... I don't know that it's the foreclosing party that has to strictly construe because it is an extraordinary remedy. Simple question. All right. That'll be... Was there a... Yes. Yes. Was the mortgage holder, not the bank, the plaintiff, or the defense I guess in this case, were they entitled to be reinstated? Yes. That's it. But they weren't. Based on what case? Offhand, you catch me. Do you have a case on that? My examination of your brief doesn't seem to... It doesn't indicate any case which supports your theory that this was a non-material breach or that Harris suffered no prejudice. You also have alleged the no notice of default for failure to pay, the acceleration of the demand letter. And on those contentions you've supplied, no case upon which we can rely upon. Well, I believe the case has been set. And in our brief address all those points, and I can't recite them from memory at this point, but the fundamental law... It seems to me that you are saying to us... Equity. Thank you very much, Your Eminence. Equity. Or do the right thing. Or give them a chance. Or give them a break. Or whatever. I mean, is that essentially where we stand? I would... In my strict legal language... I think Justice Conner is going to put it better by asking the question, who is the strict requirement? Who is to strict compliance imposed upon? And it is the bank. And they didn't strictly comply. Thank you. Thank you. Thanks, Counsel. I'll give you an opportunity to respond. Big bad bank.  I like to call it a big bad bank. I'm being facetious. I'm being facetious. But, you know, is that what it's all about? That the bank said enough's enough and we're not going to give them a pass this time? Under the law and the facts, that is what happened. Go ahead. Your name? Thank you, Your Honors. My name is Gina LaVarda. L-A-V-A-R-D-A. May it please the Court again. I represent the plaintiff, appellee, Harris N.A. This oral argument is about a foreclosure case that Harris brought in the lower court against commercial borrowers to recover on a promissory note and to foreclose a mortgage securing the promissory note. Defendants are appealing four orders of the lower court. This court should affirm the lower court's orders granting summary judgment and judgment of foreclosure and sale and confirmation of sheriff sale, as well as affirming the denial of defendant's motions to reconsider for three reasons. First, the defendants, who, as stated, are commercial borrowers, they defaulted under the mortgage and they failed to reinstate the mortgage, which could have been done by curing their default, as well as paying attorney's fees associated with enforcing the default. Counsel, in your complaint, I don't specifically recall, what do we allege the default was? We allege in the complaint that the default was for failure to make timely payments. That's alleged in your complaint? Yes. Because counsel seemed to suggest that it's not. It is. It's only on the issue of the taxes. I believe it's definitely in number three, I believe, paragraph J. So your complaint does contain allegations of something other than the taxes. Yes, your honor. Thank you. Yes. Second, the sheriff sale complied with all statutory requirements and defendants have failed to show any good cause for setting aside the sheriff sale. And third, even if an error had occurred at the lower court level, which we dispute, such error would be harmless given that defendants committed additional defaults both prior to and subsequent to the filing of the foreclosure complaint. Moreover, and equally important, if not more important, your honors, virtually all of defendants' contentions are raised for the first time at the appellate court level and have been waived. In addition, defendants' assertions fail to provide almost any analysis or controlling legal authority in support of their arguments. For example, beginning on page 10 of appellant's brief, the fourth line is the first site, it's really a section head, to ICCL, the Illinois Mortgage Foreclosure Practice, series 5.8. If your honors will notice, the next line, that is an open quotation mark. The quotation proceeds until the end of the next page. Then a new ICCL section begins, quoting again from ICCL, ending and beginning again until the next ICCL page. That proceeds until the very end of the brief. So six of the eight pages of argument are perfect quotations with no additional analysis or support. And that may be unusual, but is it appropriate? It is inappropriate because there is no analysis bringing those statements to this case. And indeed, the citations that are cited, your honor, most of them are outdated. In fact, the most recent case cited in the first half of appellant's brief, the most recent case is from the 1970s and they date as far back as the 1800s. And even those cases that are cited are distinguishable because those arguments in those cases were pled at the trial court level. These arguments that we have here today are all new, which goes against well-settled law, as your honors are well aware. If we look at pages 7 through 9 of the appellant's brief, they raise two points. Again, these two points are not properly before the court because they were waived for purposes of this appeal as they were not raised at the trial court level. And they don't cite to any case law to support their arguments. So you're saying they're insufficiently presented? Yes, your honor. Issues? Yes. Okay, go to your next point. And those points are that there are late payment of taxes, which were not a material breach, and that there was no default at the time of the mortgage. Counsel here today has indicated that there was a default at the time of the mortgage. Counsel states in his brief that he states the statute for reinstatement. And as counsel notes in the statute, or as counsel quotes from the statute, reinstatement is affected by curing all defaults then existing and by paying all costs and expenses required by the mortgage. The bank agrees that the taxes were paid. The 2006 real estate taxes were paid. However, in the default notice, which was written by the lead partner from my law firm, in this case, David Audley, on June 5, 2008, which would have been attached to motions of the lower court, that letter demanded that not only did the real estate taxes have to be paid, but attorneys' fees and costs had to be paid. And as noted in our response brief to the appellant's brief, on page 15, the Chabrias failed to pay the attorneys' fees required upon default. So that in itself, as your Honor has noted, is enough to show that reinstatement was not affected, pursuant to Section 1602 of the Illinois Mortgage Foreclosure Law. Does this letter talk about late payments? The demand letter does, yes. But how can one ever cure a late payment? Well, the late real estate taxes were cured, Your Honor, but the mortgage was not reinstated. Because to reinstate under the statute, you not only have to cure the default, but you have to pay for attorneys' fees that were expended as part of enforcing the cure of the default. To cure that you've made a late payment, is that possible? Well, pursuant to the mortgage, the mortgage allows that upon default, which was the late real estate taxes, pardon me, the statute, it's by law, and the mortgage follows Illinois law, that upon default, a defendant can reinstate the mortgage. So it's pursuant to Illinois law. Yeah, assuming all costs, fees, expenses, etc., are paid, and there's sufficient funds on deposit to cover all of these past due amounts, then the date of default gets extended. Correct. How does one know the amount of the fees that are owed for attorneys' fees? How does one know that? The default letter would set forth fees, as well as, and what the default letter does is it sets forth the amounts owing had the default not been cured, meaning that the amounts owing would have been accelerated. The entire debt of the mortgage would have been accelerated. In addition, the letter states that attorneys' fees and costs need to be paid. Does it give a dollar amount? It doesn't give a dollar amount to the attorneys' fees and costs, but that is something that could be provided or requested from the chabrias, from the defendants. And as to your point, Your Honor, if I understand correctly, the statute doesn't provide that the entire accelerated amount be paid. It's only the amount that is required to be paid as a result of the default and then the attorneys' fees and costs associated with that default. And to state further, it was $770 that was incurred as a result of the letter and any other efforts, discussions with the bank, etc., with collecting on that default. The second point of appellant's brief is that the sheriff's sale should be set aside and that it did not comply with all statutory requirements because it's a possibility that the sheriff did not make an announcement that the sale was continued. It does not provide in the statute, it does not require that the bank ensure that the sheriff make an announcement. The bank was not there. I don't believe defendants were there to know whether or not an announcement was made and the statute doesn't require that. So what evidence is there or is there not that there was or was not an announcement made? There's no evidence, Your Honor. There's no affidavits to that effect? There's not. What we do have is under Section 1508 of the Illinois Mortgage Foreclosure Law, Part D, we have a section here saying that no sale under this article shall be held invalid or set aside because of any defect in the proceedings of the officer conducting the sale except upon good cause shown, meaning that even if it's true that the sheriff didn't make an announcement which we just don't know, that wouldn't be enough to set aside the sale unless good cause is shown and that has not been shown by the defendants. In fact, all four prongs that the court can look at to determine whether or not good cause has been shown, all four prongs have been satisfied by the bank. Again, is this a matter that the trial court decided as a fact whether or not good cause was shown and we have to give the trial court deference now in their decision? We should give the lower court deference both because this is a factual issue as far as good cause as well as because defendants are asking for an appeal from the orders denying defendants' motions to reconsider and for that reason as well this court should apply a deferential standard. One other point I'd like to make to your honors is that the sale was held on February 10, 2010. Counsel had the date wrong, just a mistake I'm sure, and the defendants directly received an email from my colleague, Carly Jones, which have been attached to, I believe, the briefs and certainly at the lower court stating that the date would be February 10. Now admittedly, I will admit to the court that the email says February 10, 2009. The email was sent at the end of 2009 and my colleague put February 10, 2009 instead of February 10, 2010. It was a typing error to the defendants. However, notice had been given both orally through that email as well as notice of sheriff's sale. And for these reasons because of appellant's arguments having been waived because of any error that may have occurred were harmless because additional defaults were made. Defendants failed to pay the 2007 real estate taxes. They missed late principal and interest payments. For all of these reasons we would ask this court to affirm the lower court's orders. Thank you very much. Thank you. The date was wrong in the letter that was sent to them. I don't know if it was the 10th or the 14th. It wasn't just the year. The date was wrong. But that's not a big point. Whether the sheriff did or did not the sale had been canceled before the original date had been noticed up for. And the statute says notice is excused if it is shown presumably that it must be demonstrated by the party seeking to substantiate the new sale that the sheriff announced at the time of an adjourned sale the date, time, and place of the new sale. Now, if the sale has been canceled the logical presumption is the sheriff didn't say anything about it because it wasn't adjourned and there is nothing in the record upon which this court could find or the trial court could find and this court could affirm the trial court's finding that there was an announcement and the statute says shall announce that the date, time, and place of the sale was originally to have occurred the date, time, and place of the sale the adjourned sale is going to resume. Now, the other points I think we both addressed the bit about it doesn't include the amount for attorney's fees or other costs we could have asked if it doesn't include an amount what's logical to presume they're not asking for any specific amount or that we'll get a bill later there's nothing in the record to show that we were ever asked to pay a specific amount of attorney's fees and because $770, if they're handed believe me, I assure you they weren't going to lose the restaurant they had built for 20 years it's the number one Indian restaurant in Chicago by the way according to the Guinness book but they're not going to lose that over $770 of attorney's fees and there's no showing in the record that they've ever been told or asked to pay $770 of attorney's fees, until now. So let me ask you about the argument that's been made that a lot of these arguments that you make were not presented to the trial court I came in the case and I presented them I came in the case very late and that's why, in objecting to the sale I re-raised all these issues to make sure there was a nice clean record, and they were raised the check showing the payment of the taxes was raised the notice was raised I asked the judge, with all due respect because I think in the world of Judge Gillespie she's one of the finest chancery court judges and I asked her, if you're going to throw a missed sale you're going to have to make a finding with all due respect, on the record as to how any member of the public could have known at the date, time, and place we're not talking about the Shabria's advising the public we're talking about it's the bank's duty to advise the public and there is just simply no way that you can find a record that the public could have known at the date, time, and place of the sale was rescheduled and it wasn't an adjournment anyway, it was a cancellation Counsel, the effect of the court agreeing with the trial court relative to the summary judgment issue but disagreeing as to the order confirming the sale issue It was reversed On the confirming of the sale? Yes The final judgment, as you know, is not until the order is confirming sale and you must reverse the order confirming sale There would be a demand for further proceedings I would ask that to make it any guidance to the trial court clarify that The plaintiffs admit over and over in their brief even if the trial court should have dismissed what they're saying here is even if the trial court should properly have dismissed this action we could have refiled another lawsuit based on other breaches some of which occurred after they filed this lawsuit The primary complaint they're making is that you didn't pay payments that were due after the lawsuit was filed Let me tell you something, if you're being sued for foreclosure and you hired an attorney to defend the foreclosure action because you feel it's wrong, you don't pay the payments and there was never any declaration of default for that reason and I think that very arguably you're excused for making any further payments that would otherwise be due because they're suing to take the property from you Why would you continue to make payments? So over and over and over in their brief, at least three times even if the trial court had and I'll add, properly dismiss this action So thank you, I think we all have a good grasp of the issues Thank you, thanks very much The mayor will be taken under advisement and we are adjourned